19-518-cv
*Suarez v. Big Apple Car, Inc., et al*

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 17th day of March, two thousand twenty.

PRESENT:     DENNY CHIN,
             RICHARD J. SULLIVAN,
             WILLIAM J. NARDINI,
                     *Circuit Judges*.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x

JACQUELINE SUAREZ,

                    *Plaintiff-Appellant*,

        -v-                                                          19-518-cv

BIG APPLE CAR, INC., DIANA CLEMENTE,

                     *Defendants-Appellees*.\*

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x

---

\*       The caption in the district court refers to "Diane Clemente," but Clemente was referred to as "Diana" throughout the trial and is referred to as "Diana" in her brief on appeal. Accordingly, the Clerk of the Court is directed to amend the official caption of this action to conform to the caption listed above.

FOR PLAINTIFF-APPELLANT:             MATTHEW J. BLIT, Levine & Blit,
                                     PLLC, New York, New York.

FOR DEFENDANTS-APPELLEES:            BRAN C. NOONAN, FordHarrison
                                     LLP, New York, New York.

Appeal from the United States District Court for the Eastern District of New York (Donnelly, *J.*).

**UPON DUE CONSIDERATION, IT IS ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court is **AFFIRMED**.

Plaintiff-appellant Jacqueline Suarez appeals from a judgment of the district court, entered April 12, 2018 following a jury verdict, dismissing her claims against defendants-appellees for, *inter alia*, overtime wages.  Specifically, Suarez argues that the district court erred in (1) its instructions to the jury; (2) denying her renewed motion for judgment as a matter of law; and (3) denying her motion for a new trial.  We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal.

**BACKGROUND**

"When an appeal comes to us after a jury verdict, we view the facts of the case in the light most favorable to the prevailing party."  *Kosmynka v. Polaris Indus., Inc.*, 462 F.3d 74, 77 (2d Cir. 2006).  Suarez worked for defendant-appellee Big Apple Car, Inc. ("Big Apple"), a black car company, from March 2011 to February 2015.  During her

tenure, Suarez held three positions: driver recruiter, director of driver services, and dispatch manager.[1]

## 1. *Driver Recruiter*

Suarez was hired as driver recruiter because of her driver connections and expertise. In that role, she recruited over 100 Big Apple drivers, each of whom was required to take an eight-hour training class. According to defendant-appellee Diana Clemente, president of Big Apple, Suarez had unfettered control over the company's recruitment program and its training strategy and played a major role in training drivers.

## 2. *Director of Driver Services*

As director of driver services, Suarez served as Big Apple's sole liaison with the Taxi and Limousine Commission ("TLC"). In that role she ensured that Big Apple complied with applicable regulations. This was a crucial role, as the business could fail if it was non-compliant. Moreover, as director of driver services, Suarez was in charge of hiring and firing drivers, and she also had the discretion to prevent drivers who were not TLC-compliant from working.

## PROCEDURAL HISTORY

After Big Apple fired Suarez in 2015, she sued the company pursuant to the Fair Labor Standards Act (the "FLSA") and the New York Labor Law (the "NYLL"),

---

[1] Suarez's position as dispatch manager is not at issue on appeal.

alleging, among other things, that Big Apple owed her unpaid wages for overtime. At trial, at the close of the evidence, Suarez moved for a directed verdict. The district court denied the motion. The jury then returned a verdict in Big Apple's favor, finding that Suarez was exempt from receiving overtime wages. Suarez renewed her motion for judgment as a matter of law and moved for a new trial. While these motions were pending, judgment was entered on April 13, 2018. The district court denied Suarez's motions by a memorandum decision and order entered on January 30, 2019. Suarez filed timely notice of appeal on February 28, 2019. On appeal, Suarez argues that the jury charge regarding the administrative exemption from the overtime wage requirement in the FLSA was erroneous and that the district court erred when it denied her motions for a new trial and judgment as a matter of law.

## DISCUSSION

Under both the FLSA and NYLL, employees who serve "in a bona fide executive, administrative, or professional capacity" are not entitled to overtime pay. *See* 29 U.S.C. § 213(a)(1); NYLL § 651(5). Employers have the burden of proving that an exemption applies. *See Dejesus v. HF Mgmt. Servs., LLC*, 726 F.3d 85, 91 n.7 (2d Cir. 2013). At issue here is the administrative exemption, which applies to employees (1) who earn a salary of at least $684 per week; (2) "[w]hose primary duty is the performance of office or non-manual work directly related to the management or general business operations of the employer or the employer's customers"; and (3)

"[w]hose primary duty includes the exercise of discretion and independent judgment with respect to matters of significance." 29 C.F.R. § 541.200(a). There is one additional element under the NYLL: the employee must (4) "regularly and directly assist[] an employer, or an employee employed in a bona fide executive or administrative capacity" or "perform[], under only general supervision, work along specialized or technical lines requiring special training, experience or knowledge." 12 N.Y.C.R.R. § 142-2.14(c)(4)(ii)(c).

## 1.    *Jury Charge*

"We review a claim of error in the district court's jury instructions *de novo*, disturbing the district court's judgment only if the appellant shows that the error was prejudicial in light of the charge as a whole." *Sheng v. M&TBank Corp.*, 848 F.3d 78, 86 (2d Cir. 2017).[2] A jury charge is adequate if "taken as a whole, [it] is correct and sufficiently covers the case so that a jury can intelligently determine the questions presented to it." *Garnett v. Undercover Officer C0039*, 838 F.3d 265, 280 (2d Cir. 2016). "A jury instruction is erroneous if it misleads the jury as to the correct legal standard or does not adequately inform the jury on the law." *Sheng*, 848 F.3d at 86.

---

[2]    Big Apple contends that because Suarez did not raise the specific jury-charge objection before the district court that she now raises on appeal, she did not properly preserve her challenge and we should apply plain error review. *See Keeling v. Hars*, 809 F.3d 43, 51 (2d Cir. 2015). Because Suarez's objection cannot survive either standard, we need not resolve this issue.

In its jury charge, the district court listed several examples of types of employees that qualify for the administrative exemption under the FLSA and NYLL. Suarez takes issue with the last example provided: "recruiting and training individuals to join an organization." J. App'x at 603. Because Suarez conceded at trial that she was hired to recruit and train drivers for Big Apple, she argues that the instruction left the jury with "no choice but to determine that [she] was an exempt employee." Appellant's Br. at 13. We disagree.

Viewed in their totality, the district court's instructions thoroughly and accurately explained the law, including five pages dedicated to the administrative exemption. The instructions were clear: For the jury to find that Suarez was exempt, it had to find that her "primary duty included the exercise of discretion and independent judgment about matters of significance." App'x at 600. Given the comprehensiveness of the court's explanation, no reasonable juror could have understood the list of illustrative examples of functions that could trigger the administrative exemption, such as recruiting and training, as eliminating the jury's obligation to independently apply this legal standard. Accordingly, we reject Suarez's claim of error in the district court's jury instruction.

## 2.     *Renewed Motion for Judgment as a Matter of Law*

We review a district court's decision on a motion for judgment as a matter of law *de novo*. *Brady v. Wal-Mart Stores, Inc.*, 531 F.3d 127, 133 (2d Cir. 2008). Under

Federal Rule of Civil Procedure 50, a court may overturn a jury's verdict and enter judgment against the non-moving party if it "finds that a reasonable jury would not have a legally sufficient evidentiary basis to find for the [non-moving] party."  Fed. R. Civ. P. 50(a)(1).  Judgment as a matter of law is appropriate if (1) there is "such a complete absence of evidence supporting the verdict that the jury's findings could only have been the result of sheer surmise and conjecture" or (2) "the evidence in favor of the movant is so overwhelming that reasonable and fair minded [persons] could not arrive at a verdict against [her]." *Brady*, 531 F.3d at 133 (second alteration added) (internal quotation marks omitted).  On review, we "consider the evidence in the light most favorable to the party against whom the motion was made and . . . give that party the benefit of all reasonable inferences that the jury might have drawn in [its] favor from the evidence." *ING Glob. v. United Parcel Serv. Oasis Supply Corp.*, 757 F.3d 92, 97 (2d Cir. 2014) (alteration in original).

There was ample evidence that both Suarez's driver recruiter and director of driver services positions satisfied the administrative exemption under both the FLSA and NYLL.  As to the first element, the parties stipulated that Suarez was paid more than $684 per week.  As to the remaining elements, Big Apple presented sufficient evidence for a reasonable jury to determine that the FLSA and NYLL administrative exemptions applied and that Suarez was therefore not entitled to overtime pay. According to Clemente, Suarez had complete control over recruiting and training

drivers while she served as driver recruiter. Suarez testified that she was, in fact, hired as driver recruiter to perform these functions and that each training lasted eight hours. Clemente also testified that Suarez had the authority to hire and fire drivers while she served as director of driver services, and that Suarez was Big Apple's only employee authorized to communicate with the TLC. Because it is up to the jury to "pass on the credibility of the witnesses," *ING*, 757 F.3d at 97, and because the record contained evidence supporting the verdict, *Brady*, 531 F.3d at 133, the district court did not err in denying Suarez's motion for judgment as a matter of law.

**3.     *Motion for a New Trial***

"We review a district court's denial of a Rule 59 motion for a new trial for abuse of discretion, viewing the evidence in the light most favorable to the nonmoving party." *US Airways, Inc. v. Sabre Holdings Corp.*, 938 F.3d 43, 54 (2d Cir. 2019) (internal quotation marks omitted). Under Federal Rule of Civil Procedure 59, a court may grant a new trial "for any reason for which a new trial has heretofore been granted in an action at law in federal court." Fed. R. Civ. P. 59(a)(1)(A). Such a motion should be granted only "when the jury's verdict is egregious." *DLC Mgmt. Corp. v. Town of Hyde Park*, 163 F.3d 124, 134 (2d Cir. 1998) (internal quotation marks omitted); *see also Amorgianos v. Nat'l R.R. Passenger Corp.*, 303 F.3d 256, 261 (2d Cir. 2002) ("Granting a new trial . . . is appropriate if the jury has reached a seriously erroneous result or . . . the verdict is a miscarriage of justice." (internal quotation marks omitted)). When weighing

- 8 -

the evidence, a reviewing court "should rarely disturb a jury's evaluation of a witness's credibility." *Raedle v. Credit Agricole Indosuez*, 670 F.3d 411, 418 (2d Cir. 2012).

Even under the "less stringent" Rule 59 standard, *see Manley v. AmBase Corp.*, 337 F.3d 237, 244-45 (2d Cir. 2003), Suarez's claim fails. Although there was substantial agreement between the parties regarding Suarez's roles at Big Apple, it appears from the record that the parties disagreed as to which of her responsibilities were her primary duties. Because this case turned on the jury's evaluation of witness credibility, *see Raedle*, 670 F.3d at 418, the jury's verdict was not "egregious," *see DLC*, 163 F.3d at 134, and there was no "miscarriage of justice," *Amorgianos*, 303 F.3d at 261. Accordingly, the district court acted within its discretion in denying Suarez's motion for a new trial.

\* \* \*

We have considered Suarez's remaining arguments and conclude they are without merit. For the foregoing reasons, we **AFFIRM** the judgment of the district court.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

- 9 -